UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

FISHERMAN'S WHARF OF VENICE, INC.,            Chapter 11
    Debtor.                                                  Case No. 8:10-bk-10694-CED
_____/

In re:

JPKJ, LLC,                                                 Chapter 11
    Debtor.                                                  Case No. 8:10-bk-10698-CED
_____/

In re:

JMT PARTNERS,                                 Chapter 11
    Debtor.                                                  Case No. 8:10-bk-10699-CED
_____/

### *EX PARTE* MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASE PURSUANT TO BANKRUPTCY RULE 1015(b)

Fisherman's Wharf of Venice, Inc. ("**FW of Venice**"), JPKJ, LLC ("**JPKJ**"), and JMT Partners ("**JMT**"), by and through undersigned counsel, file this *Ex Parte* Motion for an Order Directing Joint Administration of Chapter 11 Case Pursuant to Bankruptcy Rule 1015(b) (the "**Motion**") and, in support thereof, respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicate for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**Background**

3. On May 4, 2010, FW of Venice, JPKJ and JMT (collectively, the "**Debtors**") filed voluntary petitions for relief under Chapter 11, title 11 of the United States Code (the "**Bankruptcy Code**").

4. The Debtors are in the business of operating a restaurant and developing related parcels of land.

5. FW of Venice is a Florida corporation which is owned and controlled by John P. Konecnik, Jr.

6. JPKJ is a Florida limited liability company which is owned and controlled by John P. Konecnik, Jr.

7. JMT is a Florida partnership which is partially owned and controlled by John P. Konecnik, Jr.

8. No trustee has been appointed in this case and the Debtors continue to operate their businesses as a debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

9. No committee has been appointed pursuant to Section 1102 of the Bankruptcy Code.

**Relief Requested**

10. By this Motion, the Debtors request entry of an order pursuant to Rule 1015(b) of the Bankruptcy Rules directing, for procedural purposes only, the joint administration of the above-captioned Chapter 11 cases.

11. Rule 1015(b) of the Bankruptcy Rules provides, in pertinent part: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."

12. Section 101(2)(B) of the Bankruptcy Code defines "affiliate" as a: "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled,

or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ."

13. The Debtors are related entities and affiliates within the meaning of Section 101(2) of the Bankruptcy Code and Rule 1015(b) of the Bankruptcy Rules. Therefore, this Court may order a joint administration of the estates.

14. The Debtors request that all pleadings in the Debtors' Chapter 11 cases bear the following joint administration caption:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FISHERMAN'S WHARF OF VENICE, INC., | Case No. 8:10-bk-10694-CED |
| JPKJ, LLC, | Case No. 8:10-bk-10698-CED |
| JMT PARTNERS, | Case No. 8:10-bk-10699-CED |
| Debtors._____/ | **(Jointly administered in Case No. 8:10-bk-10694-CED)** |

15. The Debtors request that all pleadings in the Debtors' Chapter 11 cases be filed and maintained under FW of Venice case number.

16. The Debtors submit that unnecessary and expensive duplication can be avoided by jointly administering the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules. According to the notes of the Advisory Committee on the Bankruptcy Rules, joint administration may include combining the Debtors' estates by using a single docket for matters occurring in the administration of the cases including the combining of notices to creditors of the different estate, and the joint handling of other purely administrative matters "that may aid in expediting the cases and rendering the process less costly." Furthermore, it will advance the Court's interest in economy by eliminating the need for duplicate orders and files and will simplify the United States Trustee's supervision of the administration of the Debtors' Chapter 11 cases.

17. The Debtors' respective creditors will not be adversely affected by the joint administration of these cases because joint administration of these cases is for procedural purposes only and will not effect a substantive consolidation of the Debtors' estates. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. Moreover, each creditor may still file its claim against a particular estate.

18. The Debtors do not believe that any of the relief requested herein would create a conflict of interest between creditors of the three estates.

19. No trustee or examiner has been appointed in these cases and no official committees have yet been appointed pursuant to Section 1102 of the Bankruptcy Code. Notice of this Motion has been given by electronic transmission to the Office of the United States Trustee for the Middle District of Florida, and by United States first class mail to the parties on the LBR 1007-2 Parties in Interest service list. The Debtors submit that, given the administrative nature of the relief requested herein, no further notice need be given.

WHEREFORE, the Debtors respectfully request that this Court enter an order (a) granting the Motion, (b) jointly administering the Debtors' Chapter 11 cases for procedural purposes only, and (c) granting such other and further relief as is just and proper.

Dated: Tampa, Florida
May 5, 2010

BUSH ROSS, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
(813) 224-9255
(813) 223-9620 (telecopy)
Counsel for the Debtors

By: /s/ H. Bradley Staggs
H. Bradley Staggs
Florida Bar No. 980773
*bstaggs@bushross.com*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 5, 2010, I electronically filed a true and correct copy of the *Ex Parte* Motion for an Order Directing Joint Administration of Chapter 11 Case Pursuant to Bankruptcy Rule 1015(b) with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing document(s) to the following parties in the manner of service indicated below:

                                       /s/ H. Bradley Staggs
                                            ATTORNEY

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

Assistant United States Trustee

**Via United States Mail, postage prepaid, to**:

All parties on the L.B.R. 1007-2 Parties in Interest List

779511.1